PACEY v. McKINNEY.

(Circuit Court of Appeals, Ninth Circuit. September 14, 1903.)

No. 862.

1. CONTINUANCE—ABSENCE OF WITNESSES—WANT OF DUE DILIGENCE.
    Where the complaint, which had been on file for six months, alleged a contract made with defendant through his agents, and at any time thereafter defendant might have obtained a disclosure of the names of such agents, if he did not know 'them, it was not an abuse of discretion to refuse his application for a continuance to enable him to obtain the testimony of such agents.

2. APPEAL—REVIEW—IMMATERIAL DEFECTS IN PLEADING.
    A judgment will not be reversed by an appellate court for the mere purpose of striking out a portion of the complaint, or correcting some other technical defect in a pleading, when it is not shown that the substance of the pleading in question would be materially changed thereby.

**3.** EJECTMENT—SUFFICIENCY OF COMPLAINT.

A complaint in ejectment which alleges an oral contract for the sale of the property by plaintiff to defendant, and that, in pursuance thereof, defendant entered into possession, and ousted and ejected the plaintiff from the premises, sufficiently alleges a delivery of possession, under the Alaska statute (Code Civ. Proc. § 75, 31 Stat. 344) requiring pleadings to be liberally construed.

**4.** EVIDENCE—MEMORANDUM OF CONTRACT.

An unsigned writing, which plaintiff testified was prepared by defendant's agent at the time of the making of an oral contract for a sale of property to defendant, embodying the terms of the contract, is admissible in evidence as a memorandum tending to prove such terms, although not in itself evidence of the contract.

In Error to the District Court of the United States for the Second Division of the District of Alaska.

The defendant in error brought this action in ejectment against the plaintiff in error and others in the District Court of Alaska, Second Division, on June 24, 1901, for the recovery of the possession of a certain lot of land in Nome, Alaska. The lot is described as follows: Commencing at a point in the south line of what is designated as Front street, in the town of Nome, District of Alaska, at the northeast corner of that certain lot or parcel of land now covered and occupied by the grocery store of G. H. McPheron; thence, at right angles to said Front street, and in a southerly direction, 80 feet, to a stake; thence, at right angles, and in an easterly direction, and parallel to said Front street, 44 feet; thence, at right angles, and in a northerly direction, toward said Front street, 56 feet, to a stake; thence, at right angles, and in a westerly direction, and parallel to said Front street, 40 feet, to a stake; thence, at right angles, and toward the said Front street, and in a northerly direction, 24 feet, to the south line of said Front street; thence, at right angles, and in a westerly direction, along the south line of said Front street, 4 feet, to point of beginning. It is alleged in the second amended complaint that on the 18th day of December, 1899, the premises in question were unoccupied, unappropriated, and unsurveyed public lands of the United States, in the town of Nome, Alaska; that on that date the plaintiff (the defendant in error) went upon said public domain and appropriated a certain described portion thereof; that he improved the same, resided thereon, and became the owner in fee of said premises as against all and every person or persons, saving and except the United States of America, and became the owner of the right of possession thereof. In the original complaint it was alleged that thereafter, on the 15th day of June, 1900, and while the plaintiff was the owner of said premises, and the owner of the right of possession of said premises, plaintiff entered into an agreement with the agents and representatives of defendants, whereby and by the terms of which said agreement plaintiff agreed to sell to the defendants, and the defendants agreed to buy the premises from the plaintiff, for a price not mentioned. In the first amended complaint it was alleged that the agreement was oral, and the price is stated. In the second amended complaint the names of the agents and representatives of the defendants are given, and the transaction fully described. It is alleged that, while such owner and in the possession of the said premises, the plaintiff entered into an oral agreement with G. W. Dickenson, George Waller, and Ira Ranke, who were acting as agents and representatives of the defendants (one of whom is the plaintiff in error), whereby these parties agreed to buy the said premises for the defendants, and to pay therefor the sum of $3,325, of which amount $500 was to be paid in cash, and the remaining sum in monthly installments of $400 each; that said oral agreement was reduced to writing, in duplicate; that the said agents of the defendants did not sign the same, but agreed to send a copy thereof to Seattle, to be personally signed by the defendant; that $500 in cash was then and there paid to the plaintiff by the said agents

¶ 4. See Evidence, vol. 20, Cent. Dig. § 1486.

of defendants, and the plaintiff delivered the possession of said premises to the said agents of defendants, in pursuance of the said agreement, except a small tract on the southwesterly portion thereof, about twenty feet square. It is alleged that the defendants have not paid any further sum on account of the purchase price of the said lot, although payment thereof has been often demanded; that defendants have repudiated and denied the agreement entered into between the plaintiff and the representatives and agents of the defendants, in pursuance of which agreement the defendants, their agents and representatives, have entered into the possession thereof, and ousted and ejected the plaintiff therefrom. It is further alleged that the defendants unlawfully and wrongfully withheld the possession of the premises from the plaintiff, and now are unlawfully and wrongfully withholding the possession thereof from the plaintiff, and claiming the same adversely to the plaintiff. The alleged agreement is attached to the complaint as an exhibit, and reads as follows:

"This agreement made and entered into this 20th day of June, A. D. 1900, by and between the United States Mercantile Company, an association, composed of J. G. Pacey and others, doing business at Nome, in the District of Alaska, and David J. McKinney of the same place, witnesseth:

"That subject to the following terms and conditions, the United States Mercantile Company agrees to purchase, and David J. McKinney agrees to sell to said Company all his interest, right and title to the following described parcel of land situated and being in the town of Nome, in the said District, to wit:

"A lot bounded on the east by the lot of Clark and Berkman, and on the west by the lot of Stauf and King, and running forty-four (44) feet along the south side of Front street and eighty feet deep.

"The said United States Mercantile Company is to pay to said McKinney for said described lot the sum of three thousand three hundred and twenty-five dollars ($3,325) in the following manner: Five hundred dollars ($500) in cash at or before the execution of this instrument, the receipt whereof is hereby acknowledged by said McKinney and the further sum of four hundred ($400) dollars monthly upon the ——— day of each and every month until the balance is fully paid.

"It is duly agreed and understood between the parties hereto that the lot herein bargained to be sold shall remain and be in the possession of said McKinney and the title shall not be passed to said United States Mercantile Company until the purchase price of three thousand three hundred and twenty-five dollars, $3,325, is fully paid as hereinbefore set forth and in the case of the default in any of the deferred payments herein agreed to be paid, then and in that event, at the option of the said McKinney, this contract may be declared canceled, null and void, and the payments made upon same may be forfeited to said McKinney as liquidated damages.

"All rents of tenants upon the said lot are to be paid to said McKinney until the full amount of the purchase price is paid.

"Upon the completion of the payment of the $3,325.00 herein agreed to be paid, the said McKinney will convey to said United States Mercantile Company, by bill of sale, deed or other proper conveyance, the property herein described and contracted to be sold.

"Time is the essence of this contract and all the terms are binding upon the heirs, executors, administrators and assigns of the parties hereto.

"Witness our hands and seal this ——— day of ———, 1900, A. D."

The defendant Pacey (plaintiff in error) denied generally the allegations of the complaint, and, affirmatively answering, alleged that the entire right to title and possession of the premises in dispute was in him, by reason of the location, staking, and continued occupancy of the same by him and his grantors, and the erection of valuable improvements thereon.

It appears from the testimony that in 1899 one Cowells staked a lot in the town of Nome, Alaska, having a frontage of 40 feet on Front street, with a depth of 24 feet, and started to build a cabin on the lot, but, being disabled, was obliged to get the assistance of McKinney, the defendant in error. McKinney completed the cabin and built a fence around the lot, and agreed with Cowells that, when the latter returned to the States, he (McKinney) would

hold the property for Cowells, understanding that it had been located for some one else—presumably the United States Mercantile Company. Later, McKinney staked the adjoining land described in the complaint; thus making, with the original lot, a lot having total dimensions of 44 by 80 feet. It was shown that Pacey was the sole person constituting the firm of United States Mercantile Company; that in the spring of 1900 he sent three employés to Nome, namely, Dickenson, Ranke, and Waller, to represent him in different capacities, but principally in conducting a store to be built upon the lot in question. McKinney was in possession of the entire lot when these employés arrived at Nome with lumber, etc., for the purpose of putting up a store building. McKinney demanded payment for his services in holding the lot of Cowells, and for his possessory right to the adjoining property, before any building should be erected. Ranke, one of the employés of the plaintiff in error, paid McKinney $500, and, according to his testimony, represented that any further claim must be submitted to his principal, Pacey. McKinney claims that at this time a verbal agreement was made between the three employés of Pacey and himself that he was to be paid $3,325 for the portion of the lot which he had personally staked, and that the $500 received was on account of such sale; that the terms of this agreement were embodied in a written memorandum prepared by Waller, which was to be transmitted to Pacey for his signature. Pacey's agents then entered and erected a building upon both portions of the land. Pacey and Ranke were present at the trial, and testify that they knew nothing of the written memorandum in question until this action was brought. Ranke testified that the $500 was paid in order that they might not be delayed in the erection of the building, and that any further claim was to be submitted to Pacey.

The trial of the case resulted in a verdict for the defendant in error, and judgment was entered thereon, granting to him the possession of the premises described in the complaint, and $100 as damages. From this judgment an appeal has been taken to this court.

Page, McCutchen, Harding & Knight, Chas. S. Johnson, P. C. Sullivan, Alfred J. Daly, and Samuel Knight, for plaintiff in error.

Campbell, Metson & Campbell and Thomas H. Breeze, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The first two assignments of error relate to the refusal of the court to grant continuances of the cause. The first continuance was asked on the 10th day of December, 1901, when the cause was set for hearing, upon the ground that material and necessary witnesses were absent, whose testimony could not be procured before the following July term of court. An affidavit was filed by the plaintiff in error, stating the facts to which the absent witnesses would testify. The defendant in error admitted that the witnesses would so testify, and the court then refused the motion for a continuance. The plaintiff in error was not prejudiced by this action of the court. The second or supplementary motion for a continuance was made on the 12th day of December, 1902, and was also based on the absence of material and necessary witnesses, other than those mentioned in the first affidavit on motion for continuance. In the affidavit of the plaintiff in error in support of this supplementary motion, it was stated that G. W. Dickenson and George Waller "are persons with whom, together with Ira Ranke, the plaintiff herein claims to have made an oral agreement for the sale of the premises" in question; that affiant did not know of the materiality or necessity of the testimony of said

witnesses, or either of them, until he was served with plaintiff's second amended complaint on the preceding day; that as the witnesses resided, respectively, in Seattle and Tacoma, Washington, and as there were no means of communication with them at that season, their testimony could not be obtained. It was alleged that by said witnesses the affiant expected to prove that neither of said witnesses had authority to enter into the oral agreement set up in the complaint, on behalf of the plaintiff in error, and that neither of them did make such an agreement with the defendant in error. It was further alleged that the plaintiff in error was unable to prove the facts by any other witnesses. The original complaint had alleged that the agreement for the sale of the premises was between the defendant in error and the agents and representatives of the plaintiff in error. If the latter did not know who these alleged agents and representatives were, he should have taken proper steps to find out. The complaint had been filed nearly six months when the case was called for trial. The summons was served upon the plaintiff in error June 24, 1901. At any time after his appearance he might have obtained the deposition of the defendant in error (Code Civ. Proc. Alaska, § 644 [Act June 6, 1900, c. 786, 31 Stat. 434]), and have ascertained the names of the alleged agents and representatives of the plaintiff in error, and all the facts necessary to prepare for the defense, or he might have demurred to the complaint within the time provided by law, and secured, as he afterwards did, the information contained in the amended complaint, and, so being informed, have secured the evidence of the absent witnesses in time for the trial. Failing to use due diligence in obtaining information as to the names of the parties alleged in the complaint to be his agents and representatives, he was not entitled to a continuance of the case to obtain their evidence. Moreover, it appears that the testimony of the absent witnesses was merely corroborative of the witness Ranke, who was present and testified, and that of the plaintiff in error, who was a witness in his own behalf. The refusal of a continuance upon this showing, and under the circumstances, does not appear to have been an abuse of discretion on the part of the court. Cox v. Hart, 145 U. S. 376, 380, 12 Sup. Ct. 962, 36 L. Ed. 741; Isaacs v. United States, 159 U. S. 487, 489, 16 Sup. Ct. 51, 40 L. Ed. 229.

With respect to the objections made to certain portions of the pleadings and the court's rulings thereon, this court will not reverse a judgment for the mere purpose of striking out some portion of the complaint, or correcting some other technical defect in a pleading, when it is not shown that the substance of the pleading in question would have been materially altered thereby.

It is contended by the plaintiff in error that the second amended complaint does not state facts sufficient to constitute a cause of action, and that the demurrer should have been sustained for the reason, among others, that there is no allegation in the complaint that possession of the premises was ever delivered to the plaintiff in error, or to his authorized representatives or agents. It is alleged that there was an agreement to sell the premises described in the complaint to the plaintiff in error, and that he agreed to buy for a speci-

fied sum, and that in pursuance of this agreement the "defendants, their agents and representatives, had entered into the possession thereof, and ousted and ejected the plaintiff from said premises." This would seem to be a sufficiently direct allegation that the possession of the premises was delivered to the plaintiff in error, or to his authorized representative or agent. In any event, the defect of form is cured by section 75 of the Alaska Code of Civil Procedure (31 Stat. 344), which provides that "pleadings must be liberally construed. In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with the view of substantial justice between the parties."

The action of the court in allowing the memorandum of the oral agreement, alleged by the defendant in error to have been made, to be introduced in evidence, is assigned as error. This memorandum was attached to the complaint as an exhibit, and was introduced in evidence during the course of the trial, in connection with the testimony of the defendant in error, as showing the oral agreement which he claimed was made between himself and the agents of the plaintiff in error. The court ruled that the writing might be received in evidence, as one of the circumstances tending to connect the parties in their possession, or change of possession, of the lot in question, and for that purpose only. It was but a part of the evidence introduced in support of the claim of the defendant in error that an oral agreement existed, and was subject to be disproved in the same manner as the oral testimony of the defendant in error. The court instructed the jury that the writing, never having been signed, was not evidence itself of an agreement, and the jury was correctly instructed as to its legal effect; that it was introduced only as a memorandum tending to show the terms of an oral agreement, but, the writing never having been signed, it was not evidence itself of any contract.

With respect to some of the objections raised by the plaintiff in error to the proceedings in the court below, it is sufficient to say that they are not assigned as error, and they are not sufficiently plain and prejudicial to justify this court in reversing the judgment.

The judgment of the District Court is affirmed.