ST. LOUIS STAVE & LUMBER CO. v. UNITED STATES (two cases).

(Circuit Court of Appeals, Eighth Circuit. March 1, 1910.)

Nos. 3,003, 3,004.

1. APPEAL AND ERROR (§ 966*)—CONTINUANCE—DENIAL—REVIEW.

Denial of a continuance for absence of a witness will not be reviewed by a writ of error, in the absence of a showing of abuse of discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3837; Dec. Dig. § 966.*]

2. CONTINUANCE (§ 26*)—ABSENCE OF WITNESS.

Where a subpoena was not attempted to be served on an absent witness until a short time prior to the trial, and no reason was given for not hav-

ing the subpoena issued at an earlier date, the denial of a continuance because of his absence was not an abuse of discretion; there being no showing that the witness could be produced at a subsequent term, or that the facts intended to be proved by him could not be otherwise shown.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

**3. PUBLIC LANDS (§ 13*)—CUTTING TIMBER—WILLFULNESS OR MISTAKE—EVIDENCE.**

In an action by the United States for timber trespass, evidence *held* to sustain a verdict finding that the taking of the timber was not an inadvertence, but the willful act of defendant's servants.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 13.*]

**4. PUBLIC LANDS (§ 13*)—CUTTING TIMBER—MEASURE OF RECOVERY.**

In an action by the United States to recover from defendant corporation for the wrongful cutting of timber from public land by defendant's servants, whether the act was willful or an innocent mistake was relevant only to the inquiry as to whether plaintiff was entitled to recover the value of the timber in its manufactured state, and not as authorizing the assessment of punitive damages against a corporation for the act of its agent.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 16–18; Dec. Dig. § 13.*]

**5. APPEAL AND ERROR (§ 1051*)—EVIDENCE—PREJUDICE.**

Where the competency of a surveyor to make certain surveys was otherwise proved, the court did not commit reversible error in allowing a witness on defendant's cross-examination to testify as to the surveyor's competency.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

In Error to the Circuit Court of the United States for the Western District of Arkansas.

Actions by the United States of America against the St. Louis Stave & Lumber Company. Judgment for the United States in each case, and defendant brings error. Affirmed.

E. B. Wall and M. C. Early, for plaintiff in error.

John I. Worthington, U. S. Atty., and L. W. Gregg, Asst. U. S. Atty.

Before HOOK and ADAMS, Circuit Judges, and SMITH McPHERSON, District Judge.

SMITH McPHERSON, District Judge. These two civil actions were brought by the United States against the St. Louis Stave & Lumber Company to recover the value of timber in its manufactured state taken from the lands of the United States. The cases were consolidated for trial purposes, resulting in a verdict in the one case of $309.80, and in the other of $1,584.63, the full value, with interest, of the timber thus taken when manufactured by the defendant at its mills near by into staves and plank. The defendant seeks to reverse each of these judgments by writ of error.

The first assignment of error is to the effect that the court erred in denying it a continuance. The rulings upon motions for continuance are discretionary, and cannot be reviewed by writ of error, in the ab-

sence of such a showing that there was an abuse of such discretion. Isaacs v. United States, 159 U. S. 487, 16 Sup. Ct. 51, 40 L. Ed. 229; Means v. Bank, 146 U. S. 620, 629, 13 Sup. Ct. 186, 36 L. Ed. 1107.

The motion for continuance was based upon the absence of one John Kelley, a witness. The subpœna had been issued for him but a short time in advance of the trial, which was not served because of his absence from the state. There is no reason given for not having had the subpœna issued at an earlier date. There is no showing that the witness could have been procured at a subsequent term of court. The showing made was that Kelley, with defendant's agent, by the name of Pennington, surveyed the lands; it appearing that defendant had the right, by reason of ownership, to cut the timber off of certain tracts of land near by. It appears that Pennington could have testified to the same thing, and in fact did testify upon the trial. But it is claimed that, as Pennington was under indictment for taking this timber, the weight of his testimony would be impaired by reason of the indictment, which was mere conjecture. But there is no showing made that the surveys had not been made by other persons, and no showing made that other surveys could not have been made after it was known that Kelley would not be in attendance. So that, both by reason of the faulty showing, and for the reason that this court will not review the ruling, except in rare cases, our holding is that this assignment is without merit.

It was conceded by one division of the answer in each case, and the evidence leaves it in no doubt, but that the timber was cut from the government lands. The contention is, however, that the timber was taken by inadvertence, and was not willfully taken. Pennington was the duly authorized agent of the defendant to buy timber and lumber. The evidence shows that in some instances he procured parties, by paying their expenses, to homestead land for the purpose of getting the timber; the company furnishing the money with which to make the entry. The evidence shows that in one of these cases, in which the tract of land was known as the "Woolbright land," Pennington, as agent of the company, immediately following the entry by Woolbright, proceeded to have the timber cut and removed from the homestead. This was done by Pennington under the pretense that it was necessary to use some of this timber for the erection of the house on the homestead tract. There was no good faith in the Woolbright entry. He never resided upon the tract of land, and never made any improvements, but quite soon after making the entry he fled the country. There is no showing that at any time he intended to reside on the land; and Woolbright was an employé of the company at the time he made the entry. This contract between Pennington, as agent of the company, and Woolbright, relative to the timber, was corrupt and unlawful. Shiver v. U. S., 159 U. S. 491, 16 Sup. Ct. 54, 40 L. Ed. 231; Stone v. U. S., 167 U. S. 178, 17 Sup. Ct. 778, 42 L. Ed. 127.

At most it can only be said in behalf of the defendant that there was a fair conflict in the testimony as to whether Pennington procured this timber by inadvertence or by his willful act. But the jury was fully warranted in finding as evidenced by the two verdicts. In the

one case there was no conflict in the testimony whatever but that the company took the timber, and such fact is conceded in one paragraph of the answer, and the court so charged the jury. But the court expressly charged the jury that they were to find and determine whether the act was the result of a mistake as to boundary lines of the land, or whether it was taken by the wrongful and willful act of the company.

Plaintiff in error insists that to find the value of the timber when manufactured is in the nature of punitive damages, and invokes the rule, upheld in some jurisdictions, that the corporation would not be liable for punitive damages for the act of an agent. But counsel entirely mistake the question. It is not a question of punitive damages, but it is a question as to the measure of damages for the thing actually taken. The cases of Woodenware v. U. S., 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230, Benson Mining Co. v. Alta Mining Co., 145 U. S. 428, 431, 12 Sup. Ct. 877, 36 L. Ed. 762, United States v. Mock, 149 U. S. 273, 277, 13 Sup. Ct. 848, 37 L. Ed. 732, and Northern Pacific R. R. v. Lewis, 162 U. S. 366, 383, 16 Sup. Ct. 831, 40 L. Ed. 1002, are to the effect that the measure of damages for an unlawful trespass is that the wrongdoer shall respond in damages to the value of the thing taken, and as first taken, for the reason that the same is the result of an innocent mistake, but, if done willfully, then that the measure of recovery shall be for the value in its manufactured state; and the judgment and verdict of the court must be for the one sum or the other, accordingly as it is found as to whether the taking is a mistaken one, or the result of willfulness. And one, even though innocent, buying the timber, must respond in damages of like amount as the original trespasser. See cases above cited.

Another assignment of error is to the effect that the court erred in allowing the witness Tellier to testify as to the ability and competency of two other witnesses, Stermer and Burn, as surveyors, who ran the lines to ascertain how much timber was taken, and from what lands. This assignment of error is without merit, because this matter was elicited by defendant's counsel on cross-examination. But that assignment of error is without merit for the further reason that Tellier stated from his own personal knowledge that Stermer and Burn had done surveying for him on numerous occasions, and he had knowledge of their experience and acquirements. But not only this, Stermer and Burn were both upon the witness stand, and their competency and knowledge of the art of surveying was fully disclosed, showing that they were fully competent to make surveys.

The jury were properly instructed, and the evidence supports the verdicts. There was no error in any of the proceedings in the Circuit Court.

It is therefore ordered that each of the judgments be, and the same are hereby, affirmed.