## SALEEBY v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.

September 24, 1927.

No. 2616.

1. **Criminal law** ⬥586, 1151—**Ruling on continuance is discretionary and not reviewable except for abuse of discretion.**

Action of trial court on motion for continuance is purely matter of discretion and not reviewable except for abuse of discretion.

2. **Bankruptcy** ⬥494—**Indictment against bankrupt for concealment of assets as supplemented by bill of particulars held sufficiently specific (Bankruptcy Act [11 USCA § 52]).**

Indictment against bankrupt for concealment of assets under Bankruptcy Act, § 29b (11 USCA § 52), as supplemented by bill of particulars furnished, held sufficiently specific.

3. **Bankruptcy** ⬥495—**Evidence held to sustain conviction of bankrupt for concealment of assets (Bankruptcy Act [11 USCA § 52]).**

Judgment of conviction against bankrupt for fraudulent concealment of assets, under Bankruptcy Act, § 29b (11 USCA § 52), held sustained by the evidence.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Florence; Ernest F. Cochran, Judge.

Thad Saleeby was convicted of concealment of assets under Bankruptcy Act, § 29b, and he brings error. Affirmed.

P. H. Arrowsmith, of Florence, S. C. (Spears & Want, of Darlington, S. C., on the brief), for plaintiff in error.

J. D. E. Meyer, U. S. Atty., of Charleston, S. C. (Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

NORTHCOTT, Circuit Judge. This is a writ of error to a judgment of the District Court of the United States for the Eastern District of South Carolina, at Florence. Thad Saleeby, plaintiff in error here, and defendant below, who will, for the purpose of convenience, be referred to here as the defendant, was a merchant conducting a general merchandise store at Florence, S. C. He had been conducting such business for some time prior to January 1, 1925, on which date he made a statement to the Bradstreet Company, showing his net worth to be more than $50,000, and on February 19, 1925, he made a statement to R. G. Dun & Co., as of January 1, 1925, showing his total net worth in and out of business to be more than $47,000. Again on July 8, 1925, the defendant made a statement to A. M. Robinson Company, showing his net worth to be $49,229.

On January 1, 1925, the defendant stated that he owed altogether for merchandise $945, and to banks, $1,600. Up to July, 1925, the defendant had only 100 creditors. During the last six months of the year 1925, the defendant purchased merchandise amounting to $44,000, on which purchases he paid only the sum of $3,117.23.

·On January 2, 1926, Thad Saleeby, individually and as a member and copartner of Thad Saleeby Company, was adjudged a bankrupt by the United States District Court for the Eastern District of South Carolina. The schedules filed and sworn to by defendant showed liabilities to be more than $43,000, due to more than 250 unsecured creditors, with assets listed amounting to the sum of about $26,000, upon which assets, however, the trustee realized only $2,910.

· · On May 3, 1926, Thad Saleeby was indicted in the District Court of the United States for the Eastern District of South Carolina, at Florence, for the concealment of assets, under section 29b of the Bankruptcy Act 1898 (11 USCA § 52), and on December 7, 1926, the trial was begun, resulting in a verdict of guilty and a sentence to imprisonment, from which judgment of the court this writ was sued out. No evidence was offered by the defendant.

It is first urged on behalf of the defendant that the trial court erred in refusing the motion for continuance; said motion being based upon the fact that one of the government's agents, supposed to be investigating the case, had stated to an attorney for the defendant, that in his opinion there was nothing in the case, and that it would not be tried. This agent ceased his connection with the case some months before the calling of the case for trial on December 7, and a week before beginning the term, at which the trial was held, the defendant's counsel had written to the United States attorney and had been informed that the government expected to try the case. The indictment had been found in May, 1926, more than seven months prior to the trial, and there had been an intervening term of court. The books from which the bill of particulars was made up, and concerning which the chief witness for the prosecution testified, were the books of the defendant, kept by him with relation to a business conducted by him, of which he had full knowledge; and we fail to see where there was any hardship in putting him on trial on December 7. This is especially true, in view of the action of the trial court in offering the defendant two days' additional delay for the purpose of allowing further time for the preparation of his case, which offer of the trial court was refused. Neither the defendant nor his counsel were in any way misled by anybody in authority in the case; on the contrary, it is apparent from the record that the defendant had every opportunity to prepare himself for the trial.

[1] This court, in the case of the Pocahontas Distilling Co. v. United States, 218 F. 782, has stated the general rule with respect to motions for continuance to be that such motions are "addressed to the discretion of the trial court," and that their denial "constitutes ordinarily no ground for the reversal of judgment." "That the action of the trial court upon an application for a continuance is purely a matter of discretion, and not subject to review by this court, unless it be clearly shown that such discretion has been abused, is settled by too many authorities to be now open to question."

See Isaacs v. United States, 159 U. S. 487, 16 S. Ct. 51, 40 L. Ed. 229, and authorities there cited.

There was no abuse of discretion in the action of the trial judge in refusing to grant the motion to continue.

[2] The second point raised is to the sufficiency of the indictment. This question was not raised by demurrer until the case was actually called for trial. The practice of delaying motions of this character until the last minute is not to be encouraged, and this motion, together with motion for bill of particulars, should have been made at an earlier stage of the proceedings.

Upon examination, we are of the opinion that the indictment is sufficient. It states all the necessary ingredients of the offense charged, and, together with the bill of particulars furnished by the government, was amply sufficient to advise the defendant of all matters necessary for his defense, and to safeguard him from any further prosecution, based on the same transaction. The indictment charged that the defendant "knowingly and fraudulently did conceal, while a bankrupt, as aforesaid, from his said trustee as aforesaid, certain dry goods, clothings, shoes, trade fixtures, and other goods, wares, merchandise, and chattels, the exact nature, kind, quantity, and value thereof being to the grand jurors aforesaid unknown, together with moneys and divers credits and accounts belonging to the said bankrupt estate, a more particular description of all of the same being to the grand jurors aforesaid unknown."

In the case of Keslinsky v. United States (C. C. A.) 12 F.(2d) 767, a similar question was raised, and the indictment in that case contained the following language:

" * * * Conceal from J. H. Edwards, who was duly elected and qualified as said trustee of said bankrupt estate, on May 1, 1923, certain goods, wares, moneys, merchandise, shoes, and personal property belonging

to said bankrupt estate, a more particular description of which is to your grand jurors otherwise unknown."

There the court said:

"The count, in connection with the mentioned letter, which may be regarded as serving the purpose of a bill of particulars, so far informed the accused what he was charged with having concealed from said trustee as to enable him to prepare his defense and to use the judgment under the indictment in bar of a subsequent prosecution based on the same transaction."

In this case the bill of particulars furnished by the government was much more full and complete than the letter mentioned in the Keslinsky Case.

"An indictment charging that defendant knowingly, fraudulently, and feloniously, while he was a bankrupt, concealed from the trustee a large portion of his property belonging to the bankrupt estate, said property consisting of money and merchandise to the value of $30,000.00, alleges in plain and unambiguous terms all the essential elements of the offense, and is sufficient." Greenbaum v. United States (C. C. A.) 280 F. 474.

In Fisher v. United States (C. C. A.) 2 F.(2d) 845, this court said:

"Objection was also made in argument that the indictment was fatally defective in that it charged a conspiracy to sell, barter, transport, deliver, furnish, and possess intoxicating liquors without specifying which one of these particular acts the defendants conspired to commit. The record of the trial shows that the defendants fully understood the time, place, and circumstances of the offense alleged against them, and were in no way prejudiced by any defect in the indictment.

"In Connors v. United States, 158 U. S. 408, 411, 15 S. Ct. 951, 952 (39 L. Ed. 1033), * * * the court says: * * * 'Nor, if made by demurrer or by motion and overruled, would it avail *on error unless it appeared that the substantial rights of the accused were prejudiced by the refusal of the court to require a more restricted or specific statement of the particular mode in which the offense charged was committed.* Rev. Stat. § 1025 (Comp. Stat. § 1691 [18 USCA § 556]). There is no ground whatever to suppose that the accused was taken by surprise in the progress of the trial, or that he was in doubt as to what was the precise offense with which he was charged.'"

A motion was made for a bill of particulars, but this motion also was not made until the day the case was called for trial. It is not fair to the prosecution to wait until the last moment to make this motion, and it came too late. The learned trial court so stated, but suggested that the government should furnish such bill of particulars as it could prepare on short notice. This was done, and the bill of particulars included a statement made from the record of the bankruptcy case, and from the defendant's books, showing as we think with sufficient accuracy the basis upon which the government expected to found its case, and notifying the defendant what he would be expected to meet. The indictment, supported as it was by the bill of particulars, was sufficient, and there was no error in overruling the demurrer.

If the indictment fails to advise defendant of matters necessary for defense, such necessary matters may be supplied by bill of particulars. Myers v. United States (C. C. A.) 15 F.(2d) 977.

[3] The other points raised by the defendant refer to the action of the trial court in refusing to direct a verdict for the defendant and in refusing a motion in arrest of judgment (assignment of errors 2 and 3).

There was evidence to the effect that the defendant, some time prior to his being adjudicated bankrupt, transferred real estate to his wife; the transaction purporting to show a consideration of $4,000, when in fact there was no real consideration. Checks were traded to cover up the transaction. Three police officers of the city of Florence testified to seeing goods being packed in the store and hauled away from the back door by the defendant late at night, just before the bankruptcy proceeding. There was evidence of numerous checks having been given to persons of the same name as the defendant, Saleeby, and no satisfactory explanation given as to why these payments were made. None of the persons to whom the checks were payable were brought as witnesses. There was a large increase in the amount of goods purchased by the defendant during the last six months he was in business, and in less than a year the number of his creditors increased from about 100 to over 250, with only insignificant payments made on account of his later purchases. Defendant's expenses increased entirely out of proportion to business done during the last months he conducted his business, and he withdrew large sums personally.

In addition to all this, there was evidence showing that a statement of his receipts and disbursements, after giving credit for every possible item in his favor and stating the ac-

count in the most favorable light for the defendant, showed a large discrepancy in the amount of his assets that was entirely unaccounted for. There was, therefore, ample evidence on which to allow the case to go to the jury. Frieden et al. v. United States (C. C. A. 4th Circuit) 5 F.(2d) 556.

The charge of the learned trial judge was admittedly fair and impartial, and as to it no exceptions were taken.

There was no error, and the judgment of the trial court is affirmed.