## BRANTON v. UNITED STATES.

### No. 6819.

Circuit Court of Appeals, Fifth Circuit.

Dec. 14, 1933.

Leonard Brown, of San Antonio, Tex., for appellant.

W. R. Smith, Jr., U. S. Atty., of San Antonio, Tex., for the United States.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

J. B. Branton and R. E. Mayfield were convicted upon ten counts of an indictment which charged them with a conspiracy to violate, and with violations of, the National Motor Vehicle Theft Act (18 USCA § 408). The first count was the conspiracy count; it charged a conspiracy unlawfully and feloniously to transport, and to receive and store, motor vehicles moving as a part of and constituting interstate commerce. The other counts charged substantive offenses. Counts 2 to 9 were in pairs and dealt separately with four automobiles alleged to have been stolen, one count alleging transportation and the corresponding count alleging receipt and storage. The tenth count alleged the receipt and storage of a Chevrolet coach, which was not made the subject of indictment in any of the other substantive counts.

Branton alone appeals. He was sentenced to pay a fine of $2,500 and to imprisonment in the penitentiary for three years on the first five counts, and to imprisonment for three years on counts 6 to 10, the sentences of imprisonment to run consecutively. He assigns error on the denial of his motion for continuance, which was based upon the grounds that according to his information Mayfield would become a witness for the government and against him, and that he desired further opportunity to impeach Mayfield's credibility. An application for continuance is addressed to the discretion of the trial judge, and his action upon it is not the subject of review unless an abuse of discretion is clearly shown. Isaacs v. United States, 159 U. S. 487, 16 S. Ct. 51, 40 L. Ed. 229. Mayfield pleaded guilty to the four counts charging transportation. The jury were therefore sufficiently informed as to his character and the credibility of his testimony. No abuse of the trial court's discretion is shown.

An assignment of error is also based upon the sentences imposed, the contention being that as a matter of law a defendant cannot be convicted for transporting and receiving the same stolen property. It is unnecessary for us now to pass upon this question, since in our opinion the sentences imposed upon appellant ought to be upheld irrespective of it. The maximum sentence authorized by 18 USCA § 408 is a sentence of $5,000, or imprisonment for five years, or both, for either unlawfully transporting or receiving a stolen automobile in interstate commerce. And so it is that appellant's sentence to pay a fine of $2,500 and to be imprisoned in the penitentiary for three years is less than could have been imposed under any one of the first four substantive counts charging transportation. The additional sentence of three years was likewise sustainable under the tenth count which charged the unlawful receipt and storage of an automobile concerning which appellant was not elsewhere in the indictment charged with transporting or receiving. Whether appellant could legally be convicted of transporting and also receiving the stolen automobiles described in other substantive counts is therefore a question which becomes immaterial in this case.

The judgment is affirmed.