## MISSISSIPPI VALLEY STRUCTURAL STEEL CO. v. NATIONAL LABOR RELATIONS BOARD.

### No. 12926.

Circuit Court of Appeals, Eighth Circuit.

Dec. 11, 1944.

George B. Logan, of St. Louis, Mo. (Cobbs, Logan, Roos & Armstrong, of St. Louis, Mo., on the brief), for petitioner.

Le Roy Marceau, Atty., National Labor Relations Board, of Washington, D. C. (Alvin J. Rockwell, Gen. Counsel, National Labor Relations Board, Malcolm F. Halliday, Associate General Counsel, National Labor Relations Board, David Findling and Platonia Kaldes, Attys., National Labor Relations Board, all of Washington, D.C., on the brief), for respondent.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review an order of the National Labor Relations Board. The main assertion of the petitioner is that it was not accorded a fair hearing. The Board denies this assertion, and asks that its order be enforced.

On August 10, 1943, the International Association of Bridge, Structural and Ornamental Iron Workers, Local 518, A. F.L., a labor union, filed with the Board an application for the certification of the Union as the representative of petitioner's employees for the purpose of collective bargaining. The Union and petitioner agreed that the Board should hold an election to determine whether the Union was to be such representative. The election was held August 14, 1943. The Union lost the election. On August 18, 1943, objections to the election were filed by the Union. On August 30, 1943, the Regional Director of the Board voided the election. On November 9, 1943, the Union withdrew its application for certification and filed charges of unfair labor practices against petitioner, based upon alleged misconduct of the petitioner upon the day of the election and just prior thereto. On February 4, 1944, the Regional Director of the Board issued a complaint against petitioner, asserting that it had engaged and was engaging in unfair labor practices, affecting commerce, within the meaning of § 8(1) and § 2(6) and (7) of the National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 158(1) and § 152(6) and (7). A copy of the complaint and a notice

of a hearing thereon to be held February 17, 1944, was served upon petitioner on February 5, 1944.

The complaint alleged, in substance, that petitioner had, on or about August 9 to August 14, 1943, urged, warned, and threatened its employees against joining, assisting or voting for the Union; made disparaging statements to its employees concerning the Union; threatened its employees with wage reductions and loss of earnings if they assisted or voted for the Union; granted numerous wage increases for the purpose of inducing its employees to refrain from joining, assisting or voting for the Union; and further induced its employees to refrain from joining, assisting or voting for the Union by asserting itself as a candidate in opposition to the Union in the election held for the petitioner's employees by the National Labor Relations Board on August 14, 1943; thereby interfering with, restraining, and coercing its employees in the exercise of the rights guaranteed them in Section 7 of the National Labor Relations Act, 29 U.S.C.A. § 157.

In its answer, dated February 11, 1944, petitioner denied that it had engaged or was engaging in the unfair labor practices charged.

The issues came on for hearing before a Trial Examiner of the Board at St. Louis, Missouri, on February 17, 1944. At the commencement of the hearing, counsel for petitioner filed a written motion for a continuance, together with supporting affidavits. In its motion, petitioner asserted that the twelve days intervening between the notice of hearing and the hearing did not give petitioner sufficient time to prepare for the hearing; that the election held August 14, 1943, was voided by the Regional Director on October 30, 1943, on the ground that four of petitioner's employees, each of whom was a qualified voter at the election, were responsible for the acts mentioned in the complaint; that petitioner understood and believed that the complaint was based entirely upon the acts of these four employees; that, in connection with its answer, petitioner had filed a motion for a bill of particulars; that on February 14, 1944, petitioner's counsel communicated with one of the attorneys for the Board, and was informed late in the afternoon of that day that, in addition to the four employees mentioned in the report voiding the election, seven other persons were involved, including the Manager, the Superintendent and the General Foreman of petitioner's plant; that counsel for petitioner then informed the attorney for the Board that it might be impossible to have the hearing on February 17, because of the absence of Mr. George B. Logan, one of petitioner's counsel, and because of the inclusion of the additional officers and employees of petitioner in the complaint; that on February 15, counsel for petitioner informed the attorney for the Board that, because of the absence of Mr. Logan, who was the only attorney of petitioner who was familiar with the election of August 14, and because of the short time allowed, and because of the fact that the work of the plant on war equipment would be interrupted by the hearing, it would be necessary to ask for a continuance; that the attorney for the Board advised that he would communicate with the Acting Regional Director of the Board; that later that day (February 15), the attorney for the Board notified counsel for petitioner that the Board could not consent to any continuance. It was further asserted in the motion that a hearing on February 17 would interfere with the manufacture by petitioner of greatly needed war equipment for the Navy; that the absence of Mr. Logan, the only member of the firm representing petitioner who was familiar with the whole situation and who was then in Florida on account of his health, required a continuance of the hearing. The continuance requested was until some time after March 15, 1944.

The affidavits in support of the motion showed, among other things, that the firm of Cobbs, Logan, Roos & Armstrong was the regular counsel for the petitioner; that Mr. Logan, of that firm, had acted as petitioner's labor relations counsel; that he had acted for it in connection with the arrangements for the election of August 14, 1943, and was the only member of the firm who was familiar with the matter pending before the Board and who could properly handle it for the petitioner; that Mr. Logan was in Florida for his health, but was expected back early in March; that the petitioner was unwilling to entrust its case to anyone except Mr. Logan, who could undoubtedly be prepared for the hearing soon after the middle of March, 1944; that Mr. Cobbs, the senior member of the firm, who presented the motion, was 75 years of age and had not for some time engaged in the trying of contested mat-

ters; that he had been advised by his physician not to undertake the trial of long or contested matters; and that there was no one else in the firm who could properly represent petitioner at the hearing.

The Trial Examiner denied the motion for a continuance. Petitioner then withdrew from the hearing. The Board presented its evidence. The Trial Examiner, upon that evidence, found that the petitioner "has coerced, interfered with and restrained its employees in the exercise of the rights guaranteed them in Section 7 of the Act." He recommended the entry by the Board of the order of which the petitioner now complains.

The petitioner filed exceptions to the report of the Trial Examiner, and also made a motion that the case be reopened for the taking of additional testimony. This motion was supported by the affidavit of Mr. Logan, showing that, upon the advice of his physicians, he had on January 29, 1944, which was prior to the issuance of the complaint by the Regional Director of the Board, left St. Louis for Florida; that the first notice he had that the complaint had been issued was about four days after his arrival in Florida; that it was impossible for him to return and prepare for the hearing by February 17; that he is familiar with the history of the labor relations between petitioner and the Union and with all matters leading up to and concerning the election of August 14, 1943, and that it was impossible for any other attorney to become fully acquainted with all the matters, issues, and history, within the time allowed.

In its decision and order, the Board found that the ruling of the Trial Examiner upon the petitioner's motion for a continuance did not constitute an abuse of discretion. It denied the petitioner's motion to reopen the case, and entered the order which is under review and which requires the petitioner to cease and desist from the unfair labor practices which the Trial Examiner determined that it had engaged and was engaging in, and to notify its employees that it will not engage in such practices.

We think that the Trial Examiner should have granted the motion of the petitioner for a continuance, and should have allowed the petitioner a reasonable time to enable it to present its evidence. There is nothing to indicate that the short postponement requested by petitioner would have prejudiced either the Union or the Board. That the denial of the motion amounted to a denial of due process which would justify this Court in vacating the order of the Board, we think is doubtful. The question whether a case shall be heard at the time it is noticed for hearing or whether it shall be continued is peculiarly a question for the tribunal before which the case is pending, and the ruling of that tribunal upon the question is usually not subject to review. Appellate courts are justifiably reluctant to rule that a refusal of a continuance amounts to a denial of due process.

In Franklin v. South Carolina, 218 U.S. 161, at page 168, 30 S.Ct. 640, 643, 54 L.Ed. 980, the Supreme Court said:

"It is next contended that the plaintiff in error was denied due process of law in the refusal of the court to continue his case when the same was called for trial. It is elementary that the matter of continuance rests in the sound discretion of the trial court, and its action in that respect is not ordinarily reviewable. It would take an extreme case to make the action of the trial court in such a case a denial of due process of law."

See, also: Frohwerk v. United States, 249 U.S. 204, 210, 39 S.Ct. 249, 63 L.Ed. 561; Hardy v. United States, 186 U.S. 224, 22 S.Ct. 889, 46 L.Ed. 1137; Goldsby v. United States, 160 U.S. 70, 72–73, 16 S.Ct. 216, 40 L.Ed. 343; Isaacs v. United States, 159 U.S. 487, 489, 16 S.Ct. 51, 40 L.Ed. 229; National Labor Relations Board v. Algoma Plywood & Veneer Co., 7 Cir., 121 F.2d 602, 605.

The situation here presented is not unlike that considered by the Supreme Court in Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 226, 59 S.Ct. 206, 215, 83 L.Ed. 126, in which the court said:

"We agree with the Circuit Court of Appeals that the refusal to receive the testimony was unreasonable and arbitrary. Assuming, as the Board contends, that it had a discretionary control over the conduct of the proceeding, we cannot but regard this action as an abuse of discretion. But the statute did not leave the petitioners without remedy. The court below pointed to that remedy, that is, to apply to the Circuit Court of Appeals for leave to adduce the additional evidence; on such an application and a showing of reasonable grounds the court could have ordered

it to be taken. Section 10(e) (f) [29 U.S.C.A. § 160(e) (f)]. Petitioners did not avail themselves of this appropriate procedure."

In its petition for review, the petitioner, here, asserts that the Board should have dismissed the complaint or should have reopened the case for the taking of further testimony. Petitioner asks that this Court review the findings, rulings, decision and order of the Board, and make such orders and decrees as to this Court may seem just. It is apparent from the record in this case and from the brief and argument of petitioner that what it primarily seeks is an opportunity to present to the Board evidence upon the issues raised by the complaint and answer, and that petitioner believes that such evidence will demonstrate that the findings of fact upon which the Board's order is based are not justified and are erroneous.

Section 10(e) of the National Labor Relations Act, 29 U.S.C.A. § 160(e) provides: "* * * If either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board, its member, agent, or agency, the court may order such additional evidence to be taken before the Board, its member, agent, or agency, and to be made a part of the transcript. The Board may modify its findings as to the facts, or make new findings, by reason of additional evidence so taken and filed, and it shall file such modified or new findings, which, if supported by evidence, shall be conclusive, and shall file its recommendations, if any, for the modification or setting aside of its original order."

■■ We think that, under the circumstances of this case, this Court is justified in treating the petition for review as including an application by petitioner for leave to adduce additional evidence. This Court has "discretion to see that before a party's rights are finally foreclosed his case has been fairly heard." National Labor Relations Board v. Indiana & Michigan Electric Co., 318 U.S. 9, 28, 63 S.Ct. 394, 405, 87 L.Ed. 579. We could, of course, set aside the submission of this case to allow the petitioner to file a formal application for leave to adduce additional evidence, but that would merely result in further delay. We are satisfied that petition-

er has shown that it can produce evidence which is relevant and material and which was not before the Board, and that there were reasonable grounds for the failure of the petitioner to adduce it at the hearing before the Trial Examiner.

The order of this Court is that the Board afford to the petitioner an opportunity to adduce additional evidence relevant to the issues raised by the complaint of the Board and the answer thereto; that such evidence be made a part of the transcript in this proceeding; and that, after such evidence has been adduced, the Board, if it be so advised, make and file new or additional findings of fact, together with its recommendations, if any, for the modification, setting aside, or enforcement, of its order.