## UNITED STATES v. COOK.

### No. 10149.

United States Court of Appeals Seventh Circuit.

Oct. 26, 1950.

Ernest A. Greene, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., Richard E. Gorman, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

Appellant, Charles Cook, was found guilty of a violation of the narcotic laws of the United States.

He had been jointly indicted with one Harding L. Walton, on April 29, 1949. The indictment contained three counts.

The first count charged that the defendants on February 24, 1949, at Chicago, in the Northern District of Illinois, Eastern Division, had in their possession six grains of heroin and eight grains of cocaine which was not in or from the original stamped package and which did not bear the approximate tax stamps in violation of 26 U.S.C.A. § 2553(a). The second count charged that the same defendants facilitated the concealment and transportation of the said quantities of narcotics which had been imported into the United States in violation of 21 U.S.C.A. § 174. The third count charged the appellant alone with having in his possession twenty-eight cigarettes containing marijuana, without having paid a transfer tax for such marijuana, in violation of 26 U.S.C.A. § 2593(a).

When the case was called for trial on March 31, 1950, the defendant, Harding L. Walton, withdrew his plea of not guilty and entered a plea of guilty. Motion for a continuance was thereupon made on behalf of the defendant-appellant. This motion was denied.

After being apprised of his rights, defendant-appellant signed a waiver of trial by jury. The court found him guilty as charged in the indictment and entered judgment sentencing him to one year and one day in the custody of the Attorney General. The defendant, Harding L. Walton, was also found guilty and sentenced for a like time. Probation was granted the defendant Walton for the period of one year and one day, but was denied the defendant Charles Cook.

The appellant urges here that the court erred in denying him a continuance when his co-defendant, Walton, withdrew his plea of not guilty and entered a plea of guilty. Appellant also insists that the evidence is insufficient to support the judgment.

■■ It is well settled that the action of a trial court upon an application for continuance is a matter of discretion and will not be reviewed unless there is a clear showing that such discretion has been abused or that a manifest injustice has resulted from the refusal to continue. Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229. Under the facts disclosed in this record we cannot say that the trial court abused its discretion.

644

In support of his second contention, appellant argues that the evidence is insufficient to support the judgment because the judgment was based mainly on the unsupported testimony of Harding L. Walton, a co-defendant.

It is well established that a conviction may rest solely on the testimony of a co-defendant or an accomplice. Caminetti v. United States, 242 U.S. 470–495, 37 S.Ct. 192, 61 L.Ed. 442; United States v. Heitler, D.C., 274 F. 401; United States v. Riedel, 7 Cir., 126 F.2d 81. This court will not pass upon the credibility or weight of such testimony.

The trial judge heard all the evidence, and had the opportunity to observe the demeanor of all the witnesses. It was his function to determine their credibility. From an examination of the record, we are convinced that there was ample evidence to sustain his finding.

The judgment of the District Court is therefore affirmed.