EHRLICHMAN *v.* SIRICA ET AL.

No. A–93.  Decided August 28, 1974

MR. CHIEF JUSTICE BURGER, Circuit Justice.

This application comes before me as Circuit Justice for a stay of the District Judge's order setting trial for September 30, 1974, of *United States* v. *Mitchell,* D. C. Crim. No. 74–110. Defendant Ehrlichman seeks this stay alleging that past and continuing prejudicial publicity has made it impossible for him to receive a fair trial in this venue at the time now set, and that he will not have sufficient time to prepare his defense.

The trial had been set for September 9, 1974. When both the prosecution and defense asked for more time to prepare for trial the District Court denied the requests, and applicant, *inter alia,* petitioned for a writ of mandamus from the United States Court of Appeals for the District of Columbia Circuit to delay the trial. That court, sitting en banc, did not rule directly on the petition,

but instead remanded and recommended that the District Judge consider delaying the trial three or four weeks so all parties would have more time to prepare; one judge based his concurrence on prejudicial publicity as well. The District Judge then ordered the trial to be deferred for three weeks from September 9, 1974.

The present application is presented to me, as Circuit Justice for the District of Columbia Circuit, to delay the start of the trial until January 1975. The application puts forth the same reasons as were before the Court of Appeals. The United States has filed a response opposing any further delay.

The function of a Circuit Justice in these circumstances is limited. It does not ordinarily encompass overseeing pretrial orders in pending criminal prosecutions. Such matters are essentially within the sound judicial discretion of the trial judge who must be presumed to be intimately aware of the case at hand and other factors which bear upon the relief sought. *Frohwerk* v. *United States*, 249 U. S. 204 (1919); *Goldsby* v. *United States*, 160 U. S. 70 (1895); *Isaacs* v. *United States*, 159 U. S. 487 (1895).

The limited power of a court of appeals, whether by way of mandamus or in its supervisory function over trial courts, must be looked to as the primary source of relief since such courts are in closer touch with the facts and factors presented in the workings of the regular activities of the district courts within a circuit.

Here the Court of Appeals has denied mandamus relief, but exercised something in the nature of a *de facto* supervisory function by remanding the issue to the District Court with intimations that some delay would be appropriate. It is only a coincidence that the location of this trial is in the same city as the seat of this Court, giving Members of this Court essentially the same ex-

posure as that of the trial judge and the Court of Appeals to the pretrial publicity which forms a partial basis for the relief requested. Except for cases coming from the District of Columbia Circuit, a Justice of this Court is ordinarily far removed from the setting of the trial. General principles about the function of a Circuit Justice in a situation of this kind are not to be formed from such a unique setting. An individual Circuit Justice does not possess the supervisory powers of a court of appeals concerning the activities of the district courts within its circuit.

One course open in this setting and in light of the gravity of the claim of prejudicial pretrial publicity would be to refer this application to the full Court for action at the opening of the October 1974 Term on October 7. However, this in itself would defer starting of the trial to at least sometime in the latter half of October since neither party would be expected to go to trial immediately following this Court's action. To follow this course would have the operative effect of an additional stay of three or four weeks, assuming denial of the relief requested.

The responsibility for passing on a claim for change of venue or delay in a trial because of prejudicial pretrial publicity calls for the exercise of the highest order of sound judicial discretion by the District Court. Doubts about the correctness of a district court decision fixing a trial date in these circumstances, particularly after the Court of Appeals has reviewed the matter and denied an application for mandamus, are not sufficient to form a basis for contrary action by an individual Circuit Justice. The District Court bears responsibility commensurate with its authority in such matters, and only in the most extraordinary circumstances should an individual Circuit Justice intervene.

The application for a stay is therefore denied, but this action is not to be taken as intimating any view whatever on the issues presented by the order of the District Court or the action of the Court of Appeals. The resolution of these issues should they arise after verdict must await the normal appellate processes. *Sheppard* v. *Maxwell*, 384 U. S. 333, 362 (1966).

*Application denied.*