NOTICE: This opinion is subject to formal revision before publication in the
preliminary print of the United States Reports. Readers are requested to
notify the Reporter of Decisions, Supreme Court of the United States, Wash-
ington, D. C. 20543, of any typographical or other formal errors, in order
that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 11A210 (11–5545)

## RICKY JAVON GRAY *v.* LORETTA KELLY, WARDEN

### ON APPLICATION FOR STAY

[August 25, 2011]

CHIEF JUSTICE ROBERTS, Circuit Justice.

Ricky Gray was convicted of five counts of capital mur-
der in Virginia. He was sentenced to death on two of
the counts and life imprisonment on the remaining three.
After his convictions and sentences were affirmed on di-
rect appeal, Gray filed a petition for state postconviction
relief. The Virginia Supreme Court granted the petition in
part, ordering vacatur of one of the convictions for which
Gray was sentenced to life imprisonment. *Gray* v. *Warden
of Sussex I State Prison*, 281 Va. 303, 304, 707 S. E. 2d
275, 280–281 (2011). But the court denied relief in all
other respects, *ibid.*, and the Commonwealth of Virginia
set a date of execution of June 16, 2011.

Meanwhile, Gray applied for appointment of counsel in
the United States District Court for the Eastern District
of Virginia, where he planned to file a petition for a writ of
habeas corpus under 28 U. S. C. §2254. On June 14, 2011,
the District Court appointed counsel for Gray and stayed
the execution of his death sentence for 90 days pursuant to
§2251(a)(3). In a separate order issued the same day, the
District Court set a briefing schedule requiring Gray to
file his federal habeas petition within 45 days, no later
than July 29. In a subsequent order on June 29, the Dis-

trict Court extended Gray's deadline for filing a habeas petition to August 29.

On July 25, Gray filed with this Court a petition for a writ of certiorari, seeking review of the decision of the Virginia Supreme Court. He claimed that the procedures followed by that court in adjudicating his postconviction claims violated his federal constitutional rights to due process and equal protection of the laws. Gray then asked the District Court to stay its June 29 scheduling order pending this Court's disposition of his petition for certiorari to the Virginia Supreme Court. After the District Court denied the request, Gray did not seek a stay from the Court of Appeals for the Fourth Circuit, but rather filed an application for a stay with me as Circuit Justice.

Gray's application accompanies his petition for certiorari to the Virginia Supreme Court, but does not seek a stay of that court's judgment. Nor does his application seek a stay of his date of execution, which has not been reset. His application instead requests only a stay of the District Court's order requiring him to file a federal habeas petition by August 29.*

Although Gray's application invokes the familiar standard for securing a stay of a judgment subject to this Court's review, see Application for Stay 4 (citing *Barefoot* v. *Estelle*, 463 U. S. 880, 895 (1983)), that standard is inapplicable here because Gray does not seek a stay of such a judgment. Gray's request that this Court exercise its "supervisory authority" over the District Court, Reply

——————

\*Gray's application specifically requests a stay of the District Court's June 29 scheduling order. Application for Stay 14. That order *extended* the deadline for filing a federal habeas petition to August 29. A stay of that order would therefore serve only to restore the original deadline of July 29. The substance of Gray's application makes clear, however, that the relief he actually seeks is a stay of the District Court's briefing schedule in its entirety until this Court acts on his petition for a writ of certiorari to the Virginia Supreme Court.

to Opposition to Application for Stay 2, implicates a standard even more daunting than that applicable to a stay of a judgment subject to this Court's review. See *Ehrlichman* v. *Sirica*, 419 U. S. 1310, 1311–1312 (1974) (Burger, C. J., in chambers). Gray clearly has not established his entitlement to relief from the District Court's scheduling order.

The application for a stay is denied.

*It is so ordered.*