PENNSYLVANIA CO. v. FANGER et al.

(Circuit Court of Appeals, Sixth Circuit. April 10, 1916.)

No. 2680.

1. APPEAL AND ERROR ☞966(1)—CONTINUANCE ☞7—REVIEW—DISCRETION OF COURT.

The ruling of the trial court on an application for a continuance is a matter of discretion, not subject to review unless it clearly appears that the discretion has been abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3837; Dec. Dig. ☞966(1); Continuance, Cent. Dig. §§ 17, 18; Dec. Dig. ☞7.]

2. APPEAL AND ERROR ☞500(1)—REVIEW—MATTERS NOT APPEARING OF RECORD—DENIAL OF CONTINUANCE.

Where the record does not show that the motion for continuance because of the absence of a witness was presented to the trial court, and other circumstances appearing in the record tend to show that it never was presented or ruled upon, plaintiff in error has failed to show an abuse of discretion in overruling the motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2295; Dec. Dig. ☞500(1).]

3. TRIAL ☞29(1)—CONTINUANCE—PREJUDICE OF JURY.

Where, in the trial of a personal injury case, a juror was withdrawn and the case adjourned because on that day plaintiff was menstruating, so that defendant's physician could not examine her as her counsel had agreed, a remark of the judge to the jury that, owing to the condition of the plaintiff the case would be continued, did not prevent the securing of an impartial jury from the same panel, so as to show an abuse of discretion in denying a continuance for the term, where none of the jurors was questioned as to having heard the remark, since it would be ordinarily understood by them as not referring to plaintiff's injuries.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80, 508; Dec. Dig. ☞29(1).]

4. APPEAL AND ERROR ☞1046(5)—HARMLESS ERROR—REMARK OF TRIAL JUDGE.

Even if that remark was understood by the jury as referring to plaintiff's injuries, it could not have caused the jury to reach an erroneous conclusion as to her injuries as disclosed by the evidence, under a charge which clearly left the jury to determine as questions of fact the nature and extent of the injuries.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4134; Dec. Dig. ☞1046(5).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. APPEAL AND ERROR ☞263(1)—PRESENTING QUESTIONS IN LOWER COURT—
   INSTRUCTIONS—EXCEPTIONS AND REQUEST.
       An assignment of error to a portion of the charge cannot be sustained,
   where no exception was taken to the charge on that ground, no modifica-
   tion of it was suggested, and no instructions on the subject requested.
       [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1516;
   Dec. Dig. ☞263(1).]

In Error to the District Court of the United States for the Northern
District of the Eastern Division of Ohio; William L. Day, Judge.

Action by Kathryne Fanger, by her next friend, Margaret Fanger,
against the Pennsylvania Company. Judgment for the plaintiff, and
defendant brings error. Affirmed.

Squire, Sanders & Dempsey, of Cleveland, Ohio (Thos. M. Kirby
and W. C. Boyle, both of Cleveland, Ohio, of counsel), for plaintiff in
error.

Anderson & Lamb, of Youngstown, Ohio (D. F. Anderson, of
Youngstown, Ohio, of counsel), for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and SAN-
FORD, District Judge.

SANFORD, District Judge. This is an action at law brought by
Kathryne Fanger, a citizen and resident of Ohio, by next friend,
against the Pennsylvania Company, a Pennsylvania corporation, to
recover damages for alleged personal injuries received by the plaintiff
in a collision while a passenger on defendant's train. The trial re-
sulted in a verdict and judgment in favor of the plaintiff; and the de-
fendant has brought this writ of error.

The chief contention in behalf of the plaintiff in error is that there
was an abuse of discretion on the part of the trial judge in denying it
a continuance. The facts in reference to this matter, which appear
only imperfectly in the record, are, so far as they may be definitely de-
termined, these:

On the day when the case was regularly called for trial and after
a jury had been impanelled, the defendant, pursuant, as appears from
an affidavit filed in support of the defendant's motion for a new trial,
to a previous consent given by the plaintiff's attorney, requested that
its physician, Dr. J. F. Hobson, who was present in the court, be grant-
ed an opportunity to make a physical examination of the plaintiff; but
it appearing that the plaintiff was then menstruating and not in such
condition as to permit a physical examination, this request was refused
by the plaintiff's counsel. Thereupon, on motion of the defendant's
counsel, a juror was withdrawn and the case continued; the trial judge
stating to the jury at the time that owing to the condition of the plain-
tiff the case would be continued as a physical examination could not
be made. No entry appears of record as to this continuance; but
apparently, as appears from the memorandum handed down by the
trial judge on the motion for new trial, in which it is also referred to
as "an adjournment of the first partial trial," the case was not con-
tinued until the next term, but the trial was merely postponed to a

later date in the same term. It is also alleged in the foregoing affidavit that at the time this continuance was had, it was "made known that Dr. Hobson was leaving that day for Europe"; but it is not specifically averred that this was brought to the attention of the trial judge.

Thereafter, on the same day, for a cause not appearing in the record, the trial judge reinstated the case, and set it for trial on the following day. It is alleged in the foregoing affidavit that this reinstatement was made over the defendant's objection, but there is no entry of record in reference to this matter.

On the following day the defendant filed a motion for continuance supported by the affidavit of its counsel. This affidavit set forth, among other grounds for a continuance:

That Dr. Hobson, the regularly employed surgeon for the defendant, had, as such, been acting as consultant in the preparation of the defense in the case; that his testimony was material to the defense, and without it the defendant would be unable to properly present its defense; that upon the calling of the case the day before he was present in court, and upon the case being continued had left for New York and was then absent from the jurisdiction of the court;

That it would be impossible to obtain a jury from the panel which could impartially and fairly try the case, for the reason that the jurors called the day before to try the case were informed by the court that the physical condition of the plaintiff would not permit of a physical examination, from which they might infer that such physical condition was one due to injury, rather than to natural causes, and that it was probable that all the jurors upon the panel had heard these transactions in the case the day before; and

That upon the continuance of the case, all the defendant's witnesses living at Fort Wayne, Indiana, and westward, had been advised that their presence would not be necessary, and it was, upon the short notice between the continuance and reinstatement, impossible to obtain these witnesses, without whose testimony it would be impossible to successfully present the defense.

While this motion and supporting affidavit were filed in the case there is nothing in the record affirmatively showing that either this motion or supporting affidavit were ever brought to the attention of the trial judge or acted on by him; there being no entry of record in regard thereto and no reference thereto in the bill of exceptions. And, on the other hand, the bill of exceptions shows that after the case had been again set for trial and a new jury impanelled on the second day, the defendant, by its counsel, entered an objection on behalf of the defendant to going into the trial, based upon one ground only, namely, the alleged impossibility of getting a fair and unprejudiced jury from the panel by reason of the remark made by the trial judge on the preceding day in reference to the plaintiff's physical condition. This specific objection was overruled by the court, and exception reserved by the defendant.

It furthermore appears from affidavits submitted in support of the defendant's motion for new trial that Dr. Hobson did in fact leave the city on the first day; that it was impossible for the defendant to have

obtained his testimony on the trial; and that he would have been an important witness for the defendant as a medical expert, in connection with the character of the plaintiff's injuries; but it is not disclosed that he had himself any personal knowledge as to the plaintiff's condition. Furthermore, while other physicians were examined by the defendant as medical experts on the trial, the affidavit of defendant's counsel filed in support of the motion for new trial states that these other physicians were not sufficiently advised and peculiarly qualified to give evidence in a case of the character in issue. It does not appear, however, that any witness living at Fort Wayne, or westward, whose testimony was material to the defendant, was not in fact present at the trial; the bill of exceptions showing, on the contrary, that several witnesses were in fact examined at the trial and testified for the defendant who lived at Fort Wayne, including various members of the train crew, and one passenger.

[1, 2] It is well settled that the action of a trial court upon an application for a continuance, is purely a matter of discretion, which is not subject to review unless it clearly appears that this discretion has been abused. Isaac v. United States, 159 U. S. 487, 489, 16 Sup. Ct. 51, 40 L. Ed. 229, and cases cited. Assuming, however, for present purposes, that if the defendant's motion for a continuance and its supporting affidavit had been brought to the attention of the trial judge, there would, in view of the facts set forth in the affidavit, especially in reference to the departure on the preceding day of Dr. Hobson, the consulting physician assisting the attorney in the defense of the case, have been an abuse of judicial discretion in reassigning the case and setting it for trial after his departure, without reference to the other witnesses who had been released by the defendant, it is clear that we cannot assume such abuse of discretion on the part of the trial judge, but can only find it to exist upon plain and satisfactory evidence that the motion and affidavit in question were in fact called to his attention and ruled on adversely by him.

After careful consideration of the entire record, however, we think it is not shown that this motion and affidavit were in fact brought to the attention of the trial judge or acted on by him. We reach this conclusion for several reasons: 1st, the improbability that the trial judge would have overruled this motion, with this supporting affidavit, if it had been brought to his attention; 2nd, the fact that it nowhere appears by any entry of record, recital in the bill of exceptions, or otherwise, that it was in fact brought to his attention and acted on by him; 3rd, the fact that the application for continuance made in open court, as shown by the bill of exceptions, did not refer either to this motion or the supporting affidavit, but was based solely upon one ground alone, namely, the remark made by the trial judge as to the physical condition of the plaintiff; 4th, the fact that although the defendant's motion for new trial set forth eight specific grounds, it contained no reference to the overruling of a motion for continuance; 5th, that while in an affidavit of the defendant's attorney filed several months later and evidently intended as a supplemental statement of the grounds for a new trial, it was insisted that it was an abuse of dis-

cretion upon the part of the trial judge to force the defendant to trial when the testimony of Dr. Hobson was unavailable, it was not even alleged in this affidavit that any application for continuance had in fact been made to the trial judge upon this ground; and, 6th, the fact that in the memorandum handed down by the trial judge in overruling the motion for new trial no reference is made to any application for a continuance as having been made to him upon this ground.

We therefore conclude that as this motion and supporting affidavit do not appear to have been called to the attention of the trial judge or overruled by him, no abuse of discretion is shown in this behalf.

[3-5] We are furthermore of opinion that there was no abuse of discretion on the part of the trial judge in overruling the defendant's application for continuance as made in open court, on account of the remark that had been made by the trial judge on the preceding day as to the physical condition of the plaintiff. It is stated in the memorandum of the trial judge that the jury impanelled on the second day was an entirely new one. And while some of them may have been in the court room on the previous day when this remark was made to the first jury, this does not specifically appear; the defendant at the time the second jury was impanelled not having questioned any of the jurors as to this matter or made any effort to show either at that time or later on the motion for new trial that any of them had in fact heard the remark in question. Furthermore, we do not think that the remark in question naturally bore the construction sought to be placed upon it by the defendant, and think it more reasonable to believe that if any of the jurors placed upon the second jury had incidentally heard this remark the day before in connection with the transactions in the court room they would have correctly understood it as referring, in the light of all that had happened, merely to the physical condition of the plaintiff due to her menstruation. And even if they had not so understood it, still, in view of the fact that on the trial testimony was given by physicians as to the physical injuries of the plaintiff, and she herself testified and was seen and heard by the jury, we cannot assume that such an incidental remark, even if heard and misconstrued, would have caused the jury to have reached an erroneous conclusion as to the physical injuries of the plaintiff, as disclosed by the evidence, under a charge which clearly left them to determine as questions of fact the nature and extent of her injuries.

We therefore conclude that there was no abuse of discretion in overruling the application for continuance based upon this ground; and that it cannot be assumed, and certainly is not shown, that any prejudice resulted to the defendant therefrom.

The defendant has also assigned error as to a portion of the charge to the jury, which, it is insisted, is in conflict with the rule which, it is urged, was recently laid down in Sweeney v. Erving, 228 U. S. 233, 33 Sup. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905, in reference to the burden of proof in cases of injuries to railway passengers. However, at the trial no exception whatever was taken to the charge on this ground, no modification of it suggested and no other instructions upon the subject requested; hence, this assignment of error cannot now be

considered. Pacific Express Co. v. Malin, 132 U. S. 531, 536, 10 Sup. Ct. 166, 33 L. Ed. 450; St. Louis Railroad v. Shepherd, 240 U. S. 240, 36 Sup. Ct. 274, 60 L. Ed. —— (Feb. 21, 1916); Wabash Screen Co. v. Lewis (6th Cir.) 184 Fed. 260, 261, 106 C. C. A. 402.

The defendant does not now rely upon any of the other grounds of error originally assigned. The judgment below will hence be affirmed, with costs.