## SMITH v. DANIEL.
### No. 5385.

Circuit Court of Appeals, Sixth Circuit.
Feb. 13, 1931.

Minnie Smith, of Hopkinsville, Ky., in pro. per.

Seth M. Walker, of Nashville, Tenn., for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

This was an action for breach of promise of marriage, brought by the appellant, in which the jury returned a verdict for the defendant. An undue amount of time and space was devoted, in the briefs and at the argument, to questions of fact as to which the parties are foreclosed in this court. Where there has been, as there was here, substantial evidence in support of the verdict, we may consider only questions of law properly saved during the trial of the case. While there were thirty-seven assignments of error, only two were presented to the court at the oral argument, and, as far as the reading of the briefs would seem to indicate, these two assignments are the only ones which were properly saved or which it is necessary for the court to consider in the interest of justice. The first is, in substance, that the court erred in compelling the plaintiff to leave a sickbed, come to trial without the assistance of counsel, and impanel the jury on February 10, 1926. The second is that the court suppressed certain depositions, for informality and defect in the caption and certificate, without continuing the case for sufficient time to permit correction to be made or new depositions to be taken.

Prior to the times here in question plaintiff had filed a practically identical action in the same court, which in due course came on for hearing. Substantially all the evidence having been submitted, plaintiff took a voluntary nonsuit, as she had a right to do under the practice in Tennessee. Thereafter, but during the year within which such action was permissible, the suit was refiled and again brought to issue. Hearing was set for January 20, 1926. When called on that date, appellant appeared in open court and made application for a continuance, basing such application upon the fact that she had been ill with influenza since early in that month. She offered the certificates of two doctors to the effect that they believed her, at that time, unable to attend court. The application for continuance was granted and the hearing postponed for nineteen days, the case being reset for February 8th. On January 31st counsel then representing appellant telegraphed her that he was ill and that he wished she could get the case continued until the next term of court as he could not come to Nashville "now." No other evidence of the nature of counsel's illness nor of the reason for his inability to come to Nashville was presented to the court. The following day, February 1st, appellant made another affidavit for continuance, and on February 4th again appeared in open court to move for postponement. This affidavit also alleged that by reason of her former illness she was "physically unable to enter into the trial of this cause at the time assigned." Upon being advised of the activities of the appellant between January 20th and February 4th, the court overruled the motion and stated definitely that the case would be for hearing on February 8th.

On the morning of February 8th appellant did not appear in court, but counsel from Hopkinsville, Ky., appeared for her and

again moved for a continuance, claiming that appellant was ill in Hopkinsville. Because of some remarks which the court says, in his opinion, that he overheard on February 4th, it was thought proper to examine one of the certifying physicians in open court and to appoint a Nashville physician to go to Hopkinsville and examine appellant for the purpose of ascertaining her true condition. Adjournment was taken until the following day to permit of such examination. On February 9th the medical report to the court disclosed that appellant had been examined in the hospital at Hopkinsville and that she was in substantially normal condition except that "she was coughing quite frequently and records at the hospital showed she had vomited. She looked exhausted and not up to normal. She was rather nervous at the time of examination." However, it was further disclosed that, following the examination, the appellant left Hopkinsville for Nashville and went to the Protestant Hospital in that city. Believing that the appellant was not incapacitated to such extent as would, or should, prevent her attendance at court, a recess was taken until 1 o'clock and she was notified to then appear and proceed with impaneling the jury.

When the court met at 1 o'clock on February 9th, pursuant to the recess just mentioned, the appellant and her counsel were still absent, and an adjournment was thereupon taken until 9 o'clock on the morning of February 10th. At that time appellant appeared in court without counsel and advised the court that she had engaged a Mr. Bell, of Memphis, to represent her and that he could not be present until the next day. The court insisted that she must proceed or dismiss her action, and thereupon appellant elected to personally conduct the impaneling of the jury. This was about completed when an adjournment was taken until February 11th at 9 o'clock a. m. When court again convened, plaintiff and Mr. Bell, her counsel, were present, and delay was again requested to permit such newly employed counsel to familiarize himself with the case. An hour's time was allowed for this purpose, at the expiration of which the trial proceeded. Appellant was able to and did attend throughout the trial, and no motion was made by counsel to permit a re-examination by him of the jurors upon their voir dire. The jury was not definitely sworn in the case until February 11th.

██ It is almost elementary that the ruling of the trial court on an application for a continuance is a matter of discretion, and is not subject to review unless it clearly appears that such discretion has been abused. Isaacs v. U. S., 159 U. S. 487, 16 S. Ct. 51, 40 L. Ed. 229; Hardy v. U. S., 186 U. S. 224, 22 S. Ct. 889, 46 L. Ed. 1137; Pennsylvania Co. v. Fanger, 231 F. 851 (C. C. A. 6); Armour & Co. v. Kollmeyer, 161 F. 78, 16 L. R. A. (N. S.) 1110 (C. C. A. 8). In the present case we are unable to say that the discretion of the trial judge has been abused. It appears from the record that the case was definitely and peremptorily assigned for trial on February 8th following the continuance of January 20th. Between January 20th and January 31st the appellant was busily engaged taking depositions in various places, principally in Tennessee. At least as early as January 31st she was advised that her former counsel could not, or would not, attend the hearing set for February. When the court insisted that she do so, on February 10th, appellant was able to appear and impanel the jury. That she did not have counsel there at that time to assist her is the fault of no one but herself. The business of the courts must be disposed of, and there was no showing of inability to secure counsel. Lastly, it is not apparent in what manner the compulsion of the court that the hearing proceed operated to the prejudice of a fair and impartial trial. Whatever might have been the action of the individual members of this court under the circumstances above related, we cannot say that there was such abuse of discretion as would justify ordering a new trial.

██ The depositions were ordered suppressed on January 19th for obvious defects in their several captions and certificates. There was ample time, had the appellant so desired, to return such depositions to the officers before whom they had been taken, for amendment and correction of the captions and certificates. Instead of taking such action, appellant filed a formal exception under date of January 26th. She cannot now be heard to complain that an indefinite continuance was not granted to permit correction at her leisure.

██ A further insurmountable obstacle to sustaining this second assignment of error appears from the fact that practically all of the suppressed depositions presented only character evidence. Rule 36 of the District Court provides that not more than five witnesses shall be called to impeach or sustain the character of any party or witness in any civil or criminal case. Notwithstanding this rule, the court permitted eight character witnesses to be called by each side. Appellant

called that number. In view of the rule, she could not with reason ask to present the testimony of a score or more other witnesses upon the same subject.

█ It is, however, claimed that some of the witnesses whose depositions were suppressed also testified as to facts definitely tending to refute fact testimony of the defendant. We have examined the depositions in question and do not find this contention clearly made out. But, even conceding that to be the case, such testimony would be, as to those facts, merely cumulative of other evidence taken or available, and this point was not raised at the time, nor separately presented to the court for ruling thereon. Under these circumstances we also cannot say that the court below abused its discretion in refusing further continuance to enable the appellant to present the proffered testimony.

For the reasons above stated, the judgment of the District Court must be affirmed.