Stanley TSESMELYS, Plaintiff,

v.

**DUBLIN TRUCK LEASING CORPORA-TION et al., Defendants and Third-Party Plaintiffs,**

v.

**McDOWELL CONTRACTORS, INC., et al., Third-Party Defendants.**

No. CIV-2-75-89.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Opinion and Order July 8, 1976.

Motions for Summary Judgment and for more Definite Statement Nov. 4, 1976.

Motion to Record Deposition May 2, 1977.

Motion for Continuance Oct. 27, 1977.

J. D. Lee and Paul Hogan, Madisonville, Tenn., and Joseph E. Vouros, Youngstown, Ohio, for Stanley Tsesmelys.

G. P. Gaby and James W. Fletcher, Greeneville, Tenn., and Duane E. Mink, Radford, Va., for Radva Plastics Corp., defendants and third-party plaintiffs.

E. Ronald Chesnut and John A. Armstrong, Greeneville, Tenn., for McDowell Contractors, Inc., third-party defendant.

Dennis L. Babb, Knoxville, Tenn. and Jerry K. Jebo, Radford, Va., for Dorsey Trailers, Inc., third-party defendant.

Joe A. Tilson, Morristown, Tenn., for Dublin Truck Leasing Corp., defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff sued *inter alia* as a defendant herein Preston Jackson doing business as Dublin Truck Leasing Corporation. Such defendant answered that it is, in fact, a Virginia corporation.

The Court invited the attention of counsel for the plaintiff in its memorandum opinion and order herein of April 28, 1976 to the possibility that he had alleged the legal status of such defendant erroneously and admonished counsel that the diversity of citizenship necessary to invoke a federal court's jurisdiction must appear affirmatively in the pleadings. Such counsel has remained silent concerning this matter since, although seeking leave to otherwise amend the complaint. It does not appear from the allegations in the complaint whether such defendant is a Virginia corpo-

ration, whether it is also incorporated by Tennessee, and the situs of its principal place of business.

"* * * The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

* * * citizens of different States. * * * " 28 U.S.C. § 1332(a)(1). "* * * For the purposes of this section * * *, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. * * * " 28 U.S.C. § 1332(c).

■ There is no way the Court can ascertain from the plaintiff's disputed allegations whether he and such defendant are to be deemed citizens of the same state. The sum of a line of Supreme Court decisions is that allegations of the citizenships of the parties at the date of commencing the action is of the essence of jurisdiction and, being so essential, their absence can neither be overlooked nor supplied by inference. *Smith v. Dealers Transit, Inc.*, D.C. Tenn. (1964), 239 F.Supp. 605, 606[6]; *Dodrill v. New York Central Railroad Company*, D.C.Ohio (1966), 253 F.Supp. 564, 567[12]. Where a party disputes the allegations necessary to establish diversity of citizenship to support a federal court action, the onus of supporting the disputed allegations is on the party making the allegation. *Overton v. Rainbo Baking Company of Johnson City*, D.C.Tenn. (1964), 239 F.Supp. 800, 801[1].

■ "* * * Whenever it appears by suggestion of the parties * * * that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Rule 12(h)(3), Federal Rules of Civil Procedure. "Defective allegations of jurisdiction may be amended. * * * " 28 U.S.C. § 1653; *Wells v. Celanese Corporation of America*, D.C.Tenn. (1964), 239 F.Supp. 602, 604.

The plaintiff hereby is ALLOWED 15 days herefrom in which to amend his defective allegations of jurisdiction. If the jurisdiction of this Court as to the defendant Preston Jackson doing business as Dublin Truck Leasing Corporation is not properly invoked within that period of time, as to such defendant this action shall thereafter stand DISMISSED. All other matters hereby are

RESERVED.

## ON MOTIONS FOR SUMMARY JUDGMENT AND FOR MORE DEFINITE STATEMENT

■ This is a diversity civil action in which the plaintiff seeks money damages for personal injuries sustained as a result of his falling from a scaffolding when its supporting cable was allegedly struck by a tractor-trailer rig owned by the defendant Dublin Truck Leasing Corporation (Dublin), and which vehicle was then leased to and being operated by the defendant Radva Plastics Corporation (Radva). 28 U.S.C. § 1332(a)(1), (c). Dublin moved for a summary judgment as to all claims against it. Rule 56(b), Federal Rules of Civil Procedure. Such motion was granted at an oral hearing, in so far as such defendant had overcome the statutory presumption of T.C.A. § 59–1037. The Court now has before it such motion as the same pertains to the remaining claim against Dublin, that of statutory negligence in operating a motor vehicle on the highways of Tennessee in excess of the maximum allowable height in violation of T.C.A. § 59–1108.

As was recently stated by the Sixth Circuit:

* * * * * *

* * * Summary judgment is a useful procedure for reaching the merits of a case short of conducting a full-blown trial. Summary judgment is only appropriate when documents tendered to the Court disclose that no genuine issue of material fact remains to be decided. A District Judge may grant summary judgment only where the prevailing party has demonstrated as a matter of law that he is entitled to a judgment on the merits. A court may not resolve disputed issues of fact in ruling on a summary judgment

motion. If a question of fact remains, the motion for summary judgment should be denied and the case should proceed to trial. * * * (Citations omitted.)

    *    *    *    *    *    *

*Felix v. Young*, C.A.6th (1976), 546 F.2d 1126, 1130[1, 2]. In ruling on such a motion, the court must construe the evidence against the movant and in its most favorable light as to the party opposing the motion. *Board of Ed., Cincinnati v. Department of H. E. W.*, C.A.6th (1976), 532 F.2d 1070, 1071[1, 2]. The movant has the burden of demonstrating clearly that there is no genuine issue of fact, and any doubt as to the existence of such an issue is resolved against the moving party. *Short v. Louisville and Nashville Railroad Company*, D.C. Tenn. (1962), 213 F.Supp. 549, 550[2].

■ Summary judgment cannot be used to deprive a litigant of a full trial of genuine factual issues. *Poller v. Columbia Broadcasting System* (1962), 368 U.S. 464, 468, 82 S.Ct. 486, 7 L.Ed.2d 458, 461 (headnote 2); *Sartor v. Arkansas Natural Gas Corp.* (1944), 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967, 972 (headnote 3). Nevertheless, a dispute as to an immaterial fact does not preclude summary judgment. *Ashcroft v. Paper Mate Mfg. Co.*, C.A.9th (1970), 434 F.2d 910, 911–912[1]; *Robbins v. Gould*, C.A.5th (1960), 278 F.2d 116, 120[5]. It is obvious herein that the height of Dublin's leased truck at the time of this accident is a material fact as to the plaintiff's claim against Dublin. Thus, the Court must determine from the record whether there is genuine dispute as to such material fact.

It is the contention of Dublin that " * * * the *only* evidence in the record as to the height of [its] truck * * *" shows that it was not in excess of the aforementioned statutory limit of 13 feet and 6 inches. In support of such contention, Dublin refers to the corrected deposition of Mr. Thomas B. Preston, its president, wherein he testified that the specifications of such vehicle " * * * show that the subject truck is manufactured to a specified height of 13 feet 6 inches. * * *" Dublin further cites the discovery deposition testimony of the driver of such truck at the time of this accident to the effect that the height of such truck " * * * was under 13–6. * * *" Although such driver did indicate that he had never measured the truck and that no one else had told him that they had measured it, he thought it was "roughly" 13 feet and 4 inches. The plaintiff contends that the uncontradicted deposition of Mr. James A. Marsiciola, that the supporting cable involved cleared the roadway by approximately 14 feet and 5 inches, together with the apparently undisputed evidence that this truck struck such cable resulting in the plaintiff's fall, makes out a genuine issue of fact for submission to the jury upon the doctrine of res ipsa loquitur.

■ The Court is of the opinion that a genuine issue of fact is extant between the respective parties as to the height of this truck at the time of this accident. Furthermore, summary judgment generally is not proper where the plaintiff is relying on res ipsa loquitur to establish his claim of negligence. *Ramsouer v. Midland Valley R. R. Co.*, C.C.A.8th (1943), 135 F.2d 101, 106–107[6–10]; *Furlong v. Stichman*, D.C.N.Y. (1959), 24 F.R.D. 400, 401[1–3]. Summary judgment is not an appropriate method to dispose of a res ipsa loquitur claim unless the moving party clearly establishes that there is no genuine dispute as to any material fact controlling the application of the doctrine. *Honey v. George Hyman Construction Co.*, D.C.D.C. (1974), 63 F.R.D. 443, 451[13, 14]. In the present posture of the record the Court cannot say that as a matter of law the plaintiff is not entitled to rely upon such doctrine as to its remaining claim against Dublin. Since " * * * a full inquiry into the facts [herein] under the usual trial procedure is advisable to develop the facts for the purpose of clarifying the application of the law, * * * [this] is not a case suitable for disposition through summary judgment procedure * * *" at the present time. *S. J. Groves & Sons Company v. Ohio Turnpike Commission*, C.A.6th (1963), 315 F.2d 235, 238[2].

For such reasons, the defendant's motion hereby is

OVERRULED.

The third-party plaintiffs Dublin and Radva having amended their respective third-party complaints against the third-party defendant Dorsey Trailers, Inc. (Dorsey), so as to remedy any possible infirmities therein complained of by Dorsey in its motions for a more definite statement, or alternatively for a dismissal for the failure of such respective third-party plaintiffs to state a claim upon which relief can be granted, Rules 12(e), (b)(6), Federal Rules of Civil Procedure, such respective motions hereby are

OVERRULED.

## ON MOTION TO RECORD DEPOSITION

The Court treats the plaintiff's written motion herein of March 29, 1977 as an application for the Court to order that the testimony at a deposition of his witness Dr. Ethan O. Todd, Jr. be recorded by other than stenographic means. Rule 30(b)(4), Federal Rules of Civil Procedure.[1] Counsel for the plaintiff did not submit therewith a brief with authorities, local Rule 12(a), and there was no response to the motion by any other party hereto, local Rule 12(b).

◼ This Court has long encouraged experimentation with the procedure authorized by the aforecited rule. As the rule, itself appears to make clear, this Court has the authority, in the exercise of its sound discretion, to enter such an order or decline to enter it. *UAW v. National Caucus of Labor Committees*, C.A.2d (1975), 525 F.2d 323, 326; *contra: Colonial Times, Inc. v. Gasch* (1975), 166 U.S.App.D.C. 184, 189, 509 F.2d 517, 522[7], [8].

The underlying purpose of the rule is " * * * to facilitate less expensive procedures * * * " for the taking of deposi-

tions. *Ibid.*, 509 F.2d at 520, n. 4, quoting the pertinent note of the advisory committee on rules. Here, however, the plaintiff desires the testimony of Dr. Todd by videotape, not as a less expensive method of presenting it, but because " * * * Dr. Todd would not be able to as effectively address the jury * * * if he were not allowed to testify by videotape. * * * " In other words, the plaintiff appears to believe that his claim will be enhanced by the requested method of presentation of the deposition.

This Court's experience with videotaped depositions thus far has been highly unsatisfactory. More than once, this Court has invoked the provisions of Rule 403, Federal Rules of Evidence,[2] to suspend or curtail outright the testimony of a witness being presented by means of videotape. Fortunately, in those instances, the Court had evinced the foresight to require the simultaneous provision of a stenographic transcription of the same deposition, so that no litigant has lost the benefit of the evidence thus adduced. Unless and until more efficient equipment and operating technicians are employed in the process, and unless and until counsel for the respective parties conduct such examinations of the deposition witnesses in a manner more in keeping with the practice of this Court during trials as it relates to the examination of witnesses, there is no present intention to *order* the taking of depositions by means of videotape.

◼ Nonetheless, the Court remains in the attitude of encouraging experimentation with all means of recording of the testimony of deposition witnesses and will not block the plaintiff's use of the videotape method in this instance. *Cf. Colonial Times, Inc. v. Gasch, supra*, 509 F.2d at

---

1. " * * * The [C]ourt may upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. * * * " Rule 30(b)(4), Federal Rules of Civil Procedure.

2. " * * * [E]vidence may be excluded if its probative value is substantially outweighed * * * by considerations of undue delay * * * [or] * * * waste of time. * * * " Rule 403, Federal Rules of Evidence.

521[6]. Thereby, the jurors may be better enabled to assess the credibility of Dr. Todd, his demeanor and manner while testifying, and the weight his testimony deserves.

Although this Court hereby DECLINES to order the taking of the deposition of Dr. Todd by means of videotape,[3] such testimony will be received in that form, PROVIDED (a) a stenographic transcript of such deposition is filed also and available at the trial in the customary manner; (b) the videotape proves to comply with the quality standards this Court believes are essential to the proper presentation of a witness' testimony during trial; and (c) any additional cost of taking the deposition of Dr. Todd by the plaintiff will be " * * * at his own expense. * * *" Cf. Rule 30(b)(4), supra.

## ON MOTION FOR CONTINUANCE

After granting three continuances for various reasons, the Court conducted a pretrial conference herein on March 31, 1977. Thereat, trial, of an estimated 10 days' duration, was assigned to commence on October 18, 1977.

Thereafter, leading counsel for the plaintiff was elected president of the newly-convened Tennessee Constitutional Convention. The Court granted his application for a continuance and reassigned trial herein to commence the first date a 10-day period was open on its calendar, viz., December 19, 1977. This was because courts have long recognized the desirability of modifying trial dates reasonably to accommodate public service. Nones v. Edsall, C.C.N.J. (1848), 18 Fed.Cas.No. 10290.

The reassigned dates conflicted with a preplanned schedule of counsel for the third-party defendant herein. That party has now moved for a further continuance for that reason.

█ Applications for continuances are directed to the discretion of the trial judge.

Smith v. Daniel, C.C.A.6th (1931), 46 F.2d 740, 742[2], certiorari denied (1931), 283 U.S. 852, 51 S.Ct. 651, 75 L.Ed. 1460. However, this is a limited discretion, see McSurley v. McClellan (1970), 138 U.S.App.D.C. 187, 194, 426 F.2d 664, 671, and a trial judge is obliged to exercise that discretion efficiently and sensibly in the coordination of the business of the Court.

█ The factual affidavit supporting the third-party defendant's motion for an additional postponement of trial herein reflects that its counsel has plans to participate in "a year's end office meeting" in a state far removed from this district which offers attraction as a resort area. The action of a trial judge in refusing a requested continuance on the ground that a trial counsel had withdrawn his assistance was approved. Sanden v. Mayo Clinic, C.A.8th (1974), 495 F.2d 221, 227[2]. The same rule of discretion obtains where a continuance was claimed because of the death of a party's counsel. Hunter v. Fairfax's Devisee (1796), 3 U.S. (Dall) 305, 1 L.Ed. 613. And, it also applies where a party's representative was ill. Speers Sand & Clay Works v. American Trust Co., C.C.A.4th (1931), 52 F.2d 831, 832–833[2], certiorari denied (1932), 286 U.S. 548, 52 S.Ct. 500, 76 L.Ed. 1284.

One of the considerations in exercising such discretion is the age an action has gathered. Pingatore v. Montgomery Ward and Company, C.A.6th (1969), 419 F.2d 1138, 1141[1], certiorari denied (1970), 398 U.S. 928, 90 S.Ct. 1818, 26 L.Ed.2d 90. This action was commenced on July 18, 1975; it is the fifth action of longest standing on the dockets of the Northeastern and Winchester divisions of this District Court. Not only did the Court experience delays in assigning an acceptable date for a pretrial conference herein, three efforts were necessary before an oral hearing could be arranged on outstanding motions.

Although this Court desires, and undertakes, to accommodate to the personal pref-

3. Any opposition to such method of deposing Dr. Todd is deemed to have been waived. Local Rule 11(f).

erence of counsel wherever reasonable, under the circumstances presented, the Court must reluctantly

OVERRULE the application of the third-party defendant for a further continuance of the trial herein. This is without any prejudice whatever to the third-party defendant's retention of a replacement or substitute attorney if no member of the firm by which it is now represented can be available for trial herein. *Cf. Smith v. Daniel, supra.*