August 28, 1980

Fred L. HICKS, Plaintiff,

v.

Larry E. ROBERTS et al., Defendants.

Joseph C. RODKIEWICZ, Plaintiff,

v.

Larry E. ROBERTS, Defendant.

No. CIV–2–79–81, CIV–2–79–168.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 14, 1980.

Walter L. Price, W. Stanley Yarbro, Michael J. Davenport, Johnson City, Tenn., for plaintiffs.

David W. Blankenship, Kingsport, Tenn., Thomas S. Scott, Jr., Knoxville, Tenn., for defendants.

### ORDER

NEESE, District Judge.

 The plaintiff in no. CIV–2–79–168 moved the Court to allow him to take the depositions of Drs. George H. Vogt and W. M. Bogdanowicz in Madison, Wisconsin " * * * by video tape for the purpose of presenting their testimony in that form before the Court and the Jury at trial. * * " See Rule 30(b)(4), Federal Rules of Civil Procedure.[1] The Court would be inclined to grant such motion upon certain conditions, see Tsesmelys v. Dublin Truck Leasing Service, D.C.Tenn. (1977), 78 F.R.D. 181, 186[10], but, at the present time, it is unable to meet its obligation to " * * * designate the person before whom the deposition[s] shall be taken * * *." Rule 30(b)(4), supra. The plaintiff has not specified the person or persons before whom he desires to take such depositions, and the Court is not willing to make such a choice for him. Accordingly, the motion hereby is DENIED, but without prejudice[2] to further application(s).

---

1. " * * * The parties may stipulate in writing or the court may upon motion order that the testimony at a deposition be recorded by other than stenographic means. The stipulation or order shall designate the person before whom the deposition shall be taken, the manner of recording, preserving and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. * * * " Rule 30(b)(4), Federal Rules of Civil Procedure.

2. Since the parties appear to have agreed on the time and place of the taking of these depositions, there would appear to be little reason why they could not also agree by stipulation on the manner of recording such depositions. Of course, it must be understood the fact that the parties might stipulate that the depositions may be recorded by other than stenographic means, or that the Court might so order, does not mean that the Court will allow the depositions to be used at trial. See Tsesmelys v. Dublin Truck Leasing Service, supra, 78 F.R.D. at 185.