884 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kevork DABBAGHIAN, Plaintiff-Appellant,
v.
Arthur C. PIERCE, International Business Machines Corp.,
Defendants-Appellees.
 No. 88-3611.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 11, 1989.
Decided Aug. 30, 1989.
 
 John D. Grad, Susan B. Smith, Grad, Toothman, Logan & Chabot, P.C. on brief for appellant.
 Ronald K. Jaicks, Siciliano, Ellis, Dyer & Boccarosse on brief for appellee.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from a trial judge's refusal to allow counsel for the plaintiff, Kevork Dabbaghian, to broadcast to the jury the videotaped depositions of Dabbaghian's doctors. While we doubt that Dabbaghian adequately objected on the grounds he advances here, we hold that the judge in any event did not abuse his discretion in ordering Dabbaghian's counsel to read a summary of the deposition testimony. We therefore affirm.
 
 
 2
 The case is simple. Dabbaghian sued Arthur Pierce and Pierce's employer, IBM, claiming personal injury damages from a collision between Pierce's car, driven on an errand for IBM, and the rear of Dabbaghian's car. Shortly after the accident, Dabbaghian moved from Virginia, where the accident occurred, to California. Because Dabbaghian could not afford to fly his treating physicians to Virginia, the parties videotaped the physicians' de bene esse depositions in California.
 
 
 3
 Shortly before trial, the district judge telephoned Dabbaghian's lawyer to tell him that he would follow his usual practice of requiring lawyers to summarize de bene esse depositions rather than relating them in entirety. The lawyer says he protested the decision; as there is no record of the course of the telephone conversation, we cannot know on what grounds the protest rested. At trial, though, only counsel for Pierce objected to the summarization requirement, arguing that a full reading of one doctor's deposition would best reveal questionable treatment and bias. Dabbaghian says he did not object at trial for tactical reasons and because he believed the district judge was well aware of his objection and its basis.[1] The jury then returned a general verdict for the defendants.
 
 
 4
 The district court holds "inherent discretionary power to ensure the orderly and expeditious administration of the trial", a power we have construed to allow orders requiring oral summaries of lengthy written depositions. Walker v. Action Indus., 802 F.2d 703, 712 (4th Cir.1986) (citation omitted); see also UAW v. National Caucus of Labor Comm., 525 F.2d 323, 326 (2d Cir.1975); Tsesmelys v. Dublin Truck Leasing, 78 F.R.D. 181, 185 (E.D.Tenn.1976). Dabbaghian must therefore identify an abuse of discretion in the summarization order, or persuade us that a less deferential standard applies to orders respecting videotaped depositions.
 
 
 5
 We find no indication that Dabbaghian objected to the order with emphasis on any special characteristics of the videotaped depositions, for example that such depositions add an extra dimension to the jury's analysis of the deponent's credibility. An abuse of discretion standard therefore controls, and we find no substantial argument or evidence that the district court abused its discretion in issuing the summarization order.
 
 
 6
 AFFIRMED*
 
 
 
 [1]
 In his charge to the jury, the district judge made clear that he had recognized an objection to the summarization requirement, though whether the judge believed both parties to have objected is uncertain. The judge stated that "[i]n presiding over cases of this nature, I have concluded that they can be handled far more efficiently and without any unfairness to either party if these depositions are summarized by the parties...."
 
 
 *
 The appellant's motion to supplement the record in this case is granted